**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4989-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KASSAN MCNEIL ,

     Defendant,

and

BROADWAY INSURANCE
AND SURETY CO.,

     Defendant-Appellant.

_____

         Submitted April 9, 2019 – Decided June 18, 2019

         Before Judges Yannotti and Rothstadt.

         On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 16-12-1133.

         Richard P. Blender, attorney for appellant.

J. Kevin McDuffie, Assistant County Counsel, attorney for respondent (William J. Pascrell, III, Passaic County Counsel, attorney; J. Kevin McDuffie, on the brief).

PER CURIAM

Broadway Insurance and Surety Company (Broadway) appeals from an order entered by the Law Division on June 19, 2018, which granted in part and denied in part its motion to vacate the forfeiture of bail, and ordered Broadway to pay the State of New Jersey and the County of Passaic $15,000. We affirm.

I.

The facts relevant to our decision are undisputed. Defendant was released on bail of $60,000, for which Broadway posted a surety bond. On June 16, 2017, defendant failed to appear in court, as required. The court ordered that bail was forfeited and issued a warrant for defendant's arrest. On June 21, 2017, the court provided notice to Broadway of the bail forfeiture.

Broadway thereupon commenced an investigation to locate defendant. It learned that on August 29, 2017, defendant had appeared in the Passaic County Probation Department (PCPD) on an unrelated matter for drug court screening. It appears that the PCPD had been aware of the warrant, but it took no steps to execute the warrant and defendant remained at large. On September 7, 2017, the court entered a judgment, which provided for forfeiture of the bail.

On September 12, 2017, Broadway filed a motion with the trial court objecting to the bail forfeiture and the entry of the judgment. Broadway also sought additional time in which to apprehend defendant. On October 31, 2017, Broadway filed another motion to vacate the judgment and the bail forfeiture. In support of its motion, Broadway submitted a certification by Heidi Gabryszewska, who is an employee of Broadway's agent, Aaron Bail Bonds.

In her certification, Gabryszewska stated that after defendant had been released on bail, her office kept in close contact with him to ensure he would be present in court when required. She noted that defendant had been required to report to her office to receive instructions on the conditions imposed on him during the period of release.

According to Gabryszewka, defendant reported to her office as required and thereafter contacted the office on a regular basis. Gabryszewka stated that immediately after learning defendant had failed to appear in court on June 16, 2017, her office began an investigation to locate defendant.

The attempts to locate defendant continued. On January 8, 2018, the investigators hired by Broadway apprehended defendant. Broadway paid its investigators $6000. Broadway's investigators returned defendant and he was

incarcerated in the county jail.   The trial court sentenced defendant within thirty days after he was apprehended.

On May 11, 2018, the judge heard oral argument on Broadway's motion to remit the forfeiture.   In the argument, Broadway's attorney noted that the Administrative Office of the Courts (AOC) had issued Administrative Directive #13-04, "Revision to Forms and Procedures Governing Bail and Bail Forfeitures" (Nov. 17, 2004) ("Directive #13-04"), which set forth the procedures governing bail and bail forfeitures.   The AOC had promulgated Directive #13-04 in November 2004, and supplemented the directive in October 2007 and November 2008.

On August 7, 2017, Glenn A. Grant, the Acting Director of the AOC, issued Administrative Directive #22-17, "Bail and Bail Forfeitures – Revisions to Procedures and Forms" (Aug. 7, 2017) ("Directive #22-17"), which supersedes Directive #13-04.  The Supreme Court adopted amendments to Rule 3:26-6, which were effective September 1, 2017.  As amended, the rule permits the court to remit forfeited bail, in whole or in part, pursuant to the Court rules and the Revised Remission Guidelines.  R. 3:26-6(b).

Broadway argued that the court should not apply Directive #22-17 in this case, because it issued its bond for defendant's release before the effective date

of the revised guidelines. Broadway contended that the revised guidelines should be applied prospectively. The State argued that the revised guidelines should be applied in this case.

The judge found that the revised guidelines applied and determined that Broadway had forfeited $15,000 of the $60,000 bail it had posted. The judge memorialized his decision in an order dated June 19, 2018. Broadway appeals.

II.

On appeal, Broadway argues that the trial court erred by applying Directive #22-17 in this case. Broadway contends the revised remission guidelines should only be applied to bonds issued before September 1, 2017, which is the effective date of the amendments to Rule 3:26-6, which authorized the trial court to remit bail forfeitures, in whole or in part, pursuant to the court rules and the revised remission guidelines in Directive #22-17. R. 3:26-6(b). Broadway contends the change in the remission guidelines are substantive, not procedural. According to Broadway, the changes in the remission guidelines go to "the very heart" of the surety agreement and are substantive in nature.

In ABC Bail Bonds, Inc. v. Glenn A. Grant, _ N.J. Super. _ (App. Div. 2019), the court held the AOC's Directive #22-17 is procedural, rather than substantive, and therefore adoption of the revised remission guidelines is within

A-4989-17T1

the Supreme Court's rulemaking authority under Article VI, section 2, paragraph 3 of the New Jersey Constitution. Id. at _ (slip op. at 6-10). The court also held that the revised guidelines apply retroactively and that such application is not unconstitutional. Id. at _ (slip op. at 10-11).

Accordingly, we reject Broadway's contention that the trial court erred by applying the revised remission guidelines substantially for the reasons set for in ABC Bail Bonds. The revised guidelines are procedural, rather than substantive, and apply retroactively to bonds issued before their effective date.

III.

Rule 3:26-6(b) authorizes the trial court to remit a bail forfeiture, in whole or in part, in accordance with the court rules and Directive #22-17. "The decision whether to remit and the amount of the remission 'lies within the equitable discretion of the court to be exercised in the public interest.'" State v. Ramirez, 378 N.J. Super. 355, 364 (App. Div. 2005) (quoting State v. de la Hoya, 359 N.J. Super. 194, 198 (App. Div. 2003)). We review the trial court's determination under an abuse of discretion standard. State v. Ventura, 196 N.J. 203, 206 (2008).

Directive #22-17 sets forth the factors the court should consider when determining whether to set aside an order forfeiting bail. Those factors are: (1)

6

the length of time the defendant is a fugitive; (2) the prejudice to the State and the expense incurred by the State due to the defendant's non-appearance, recapture, and enforcement of the forfeiture; (3) the detriment to the State and the public interest where a defendant deliberately fails to make an appearance in the criminal case; (4) whether a non-appearing defendant was imprisoned out-of-state; (5) the State's knowledge of a defendant's imprisonment; and (6) whether the defendant was deported while on bail.

Directive #22-17 states that if a defendant remains a fugitive when the surety makes its motion for remission, it would be "entirely appropriate" for the court to deny the motion except if the defendant has been found in custody in another jurisdiction and not returned to New Jersey. Directive #22-17 also sets forth remission schedules the court may apply if the defendant is not a fugitive at the time the surety makes the remission motion.

In addition, Directive #22-17 sets forth percentages of the amount to be remitted, based on the time a defendant has been at large. The directive states that the total amount of the bail will be forfeited if the defendant has been at large 366 days or more, "unless exceptional circumstances are demonstrated by the surety."

A-4989-17T1

Directive #22-17 states, however, that the revised guidelines for remission are intended to provide the trial court "with a starting point when determining whether to grant a remission for applications made either before or after judgment is enforced, and, if granted, the amount to remit." The directive states that in making its decision, the court should consider the particular facts and circumstances of each case, along with any relevant case law.

Here, the trial court considered the factors enumerated in the revised remission guidelines. The court found that although defendant failed to appear June 16, 2017, and was not surrendered until January 8, 2018, he should have been recaptured on August 29, 2017, when he appeared in the PCPD for a drug screen. The court therefore found that defendant should have been at large no longer than sixty-nine days.

The court further found that Broadway undertook substantial efforts to apprehend defendant, and the damage or inconvenience to the State was minimal. The court noted that Broadway spent $6000 to recapture defendant, but the revised guidelines do not provide for remission of that amount of the bail.

The court stated that under the revised guidelines, the amount to be remitted was in the range of sixty to seventy-nine percent, with the amount of

8

forfeiture between twenty-one and forty percent. The court determined that based on the strong efforts Broadway made to recapture defendant, and the minimal inconvenience to the State resulting from defendant's failure to appear, the forfeiture should be on the lower end of the twenty-one to forty percent. The court therefore found that twenty-five percent of the $60,000 bail should be forfeited.

We are convinced that the trial court's decision is consistent with the revised remission guidelines, and its factual findings are supported by sufficient credible evidence in the record. We conclude that the court's decision to order a $15,000 remission of the bail is not a mistaken exercise of discretion.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4989-17T1